GEORGE E. WARREN and Others, Respondents, *v.* SECOND AVENUE RAILROAD COMPANY IN THE CITY OF NEW YORK and Others, Defendants, Impleaded with ANNIE S. DUFFY, as Administratrix, etc., of WILLIAM J. DUFFY, Deceased, Appellant.

First Department, July 6, 1923.

Costs — action to foreclose lien of certificates of indebtedness issued by receiver of railroad — additional allowance to individual defendant who was successful in contention that tort claims had priority — $2,000 allowed.

In an action to foreclose the lien of certificates of indebtedness issued by the receiver of a railroad, an individual who is one of several tort creditors by judgment and who was brought in as a party defendant is entitled to an additional allowance out of the fund arising in the foreclosure action, where it appears that through the efforts of her attorney her contention that tort creditors

had priority over the holders of certificates of indebtedness was maintained and where it appears also that the case is a difficult and extraordinary one.

The time spent, the nature of the services and the result achieved warrant an award of $2,000.

CLARKE, P. J., and DOWLING, J., dissent.

APPEAL by the defendant Annie S. Duffy, as administratrix, etc., from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 30th day of June, 1921, as denies her motion for an additional allowance.

*Spalding & McCabe* [*Lyman A. Spalding* of counsel], for the appellant.

*Gifford, Hobbs & Beard* [*John D. Fearhake* of counsel], for the plaintiffs, respondents.

*George P. Nicholson, Corporation Counsel* [*John F. O'Brien* of counsel], for the respondent City of New York.

McAvoy, J.:

The court at Special Term denied defendant administratrix Duffy an extra allowance on the ground that it was the rule not to allow a fund such as this to be depleted by allowances to attorneys representing individual claimants. The fund arose from a foreclosure action brought by the plaintiffs, as assignees of holders of certificates of indebtedness, issued by the receiver appointed in an action for a foreclosure of bonds of the railroad company, theretofore instituted.

The complaint in the action, which sought a foreclosure judgment on behalf of these holders of certificates of indebtedness, asserted a superior lien over all contract and tort creditors of the railroad. The defendant Duffy, as administratrix, was brought in as a party, because she was a tort creditor by judgment for over $30,000. She answered and claimed a prior lien on the funds and properties of the road, on the ground that the creditors whose claims arose through tortious acts in operation, were to be considered as creditors holding a debt for operating expense, and thus in anterior right of payment to moneys realized on sale of defendant railroad's properties even though such other sums were due under receiver's certificates. This contention was found in her favor after trial and report by referee, and the conclusions of the referee were confirmed by the court at Special Term.

The professional labors of defendant's attorney, the nature of the case and the certificate of the referee all establish that the case was both difficult and extraordinary, both in time spent in extent of preparation, unusual questions involved and the other indicia

requisite of existence under the rulings. Indeed the learned justice at Special Term must have held the case within the categories, because he allowed plaintiffs an extra allowance for their attorneys on that ground. There was no holding, therefore, that the case was not within the discretion of the court as to its nature. The plaintiffs did not oppose the allowance below, nor is their opposition much more than perfunctory now. There was but one tort creditor who sustained the burden of those similarly situated, and whatever reason there might be for refusing an allowance if all the creditors joined in the defense such reason does not here exist.

We have here the anomaly of the unsuccessful plaintiffs, in so far as they endeavored to establish priority, receiving an additional allowance, and a successful defendant upon the issue which affected her, denied such payment for her attorney. The amount of time spent, the nature of the services and the result achieved warrant an award of $2,000.

The order, so far as appealed from, should be reversed, with ten dollars costs and disbursements, and the motion granted.

MERRELL and MARTIN, JJ., concur; CLARKE, P. J., and DOWLING, J., dissent.

Order, so far as appealed from, reversed, with ten dollars costs and disbursements, and motion granted, and that the said defendant Annie S. Duffy, as administratrix, etc., be allowed the sum of $2,000 as and for an additional allowance.